IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**INLAND WASTE SOLUTIONS, INC.,**

 Plaintiff,

v.                 No. 2:16-cv-2012-STA-tmp

**CITY OF GERMANTOWN,**

 Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Inland Waste Solutions, LLC ("Inland") has not alleged a viable breach of contract claim against the City of Germantown ("the City"). As further discussed herein, Inland's allegations and the unambiguous terms of the contract at issue demonstrate that the City acted well within its contractual rights when it withheld payments from Inland based on citizen complaints regarding Inland's service. Inland's Complaint must, therefore, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### I.   BACKGROUND

Inland currently provides solid waste collection services for the City under a Request for Proposal ("RFP") and Contract ("the Contract") issued by the City in 2011. (*See* Compl. ¶ 5, ECF No. 1.)[1] The City originally awarded the Contract to Advanced Disposal Services of Mid-

---

[1] For the purposes of this Rule 12(b)(6) motion, the City, without admitting the truthfulness thereof for any other purpose, will rely solely on the allegations pled by Inland in its Complaint. The court may consider the Contract and RFP without converting the instant Motion to one for summary judgment because these contract documents are central to Inland's claims and attached to Inland's Complaint. *See, e.g.*, *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

South, LLC ("Advanced Disposal").  (*Id.* ¶ 13.)  Advanced Disposal later assigned the Contract to BFI Waste Services, LLC ("BFI").  (*Id.* ¶ 14.)

On October 12, 2014, BFI assigned the Contract to Inland, which has provided solid waste collection services to the City since November 2014.  (*Id.* ¶¶ 15-16.)  Pursuant to the Contract, Inland is responsible for collecting three categories of waste materials from the City and its residents: (1) garbage, rubbish, and excess trash; (2) recyclable materials; and (3) yard debris.  (*Id.* ¶ 6.)

The Contract sets forth the terms governing the City's payment of compensation to Inland.  Under Section 3.02, the contractor shall be paid monthly by the City.  (Contract § 3.02(a), ECF No. 11.)  The Contract provides, "the City reserves the right to partially pay any billing submitted by the CONTRACTOR for failure to complete collection routes or for failure to complete all collection services required during the collection route schedules *such determination to be made in the sole and absolute discretion of the CITY*."  (*Id.* § 3.02(b) (emphasis added).)  Inland omits any mention of this Contract provision in its Complaint.

The Contract incorporates by reference the RFP, making the RFP part of the parties' agreement.  (*Id.* § 1.00.)  The RFP, in turn, sets forth a process for addressing residents' complaints regarding Inland's service.  These complaints may include, but are not limited to, calls regarding missed service, failure to follow container handling and placement guidelines, failure to collect all solid waste, and other items outlined in the RFP's service specifications.  (RFP III.6 § 1(e)(1), ECF No. 2.)

Under the RFP, "Notice received from a customer will be considered a justified complaint unless the Contractor can prove to the City's satisfaction that the complaint is not warranted."  (RFP III.6 § 1(e)(4).)  The RFP further provides that "[t]he Contractor has the right

2

to contest any complaint and resolution shall be jointly agreed upon by the City and the Contractor." (RFP III. § 1(e)(2).) Ultimately, however, "[t]he determination of the justification of the complaints shall lie solely with the City, based upon criteria developed jointly by the City and the Contractor." (*Id.*)

From the first month Inland began work under the Contract and RFP, the City received an unprecedented number of resident complaints. Accordingly, the City exercised its rights under the Contract and withheld $459,412.49 in payments from Inland between November 2014 and November 2015. (Compl. ¶ 27.) The City, however, has paid the remaining invoice amounts billed by Inland for this time period.

The term of the Contract expires June 30, 2016. (Contract § 2.00) With the Contract nearing an end, Inland filed the instant suit alleging breach of contract on January 7, 2016 in an attempt to recoup the money withheld for its failure in service. For the following reasons, including that the City has the discretion pursuant to the Contract to determine whether resident complaints are justified, the Complaint must be dismissed pursuant to Rule 12(b)(6).

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint, in order to survive a motion to dismiss, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not plead 'detailed factual allegations,' those allegations 'must be enough to raise a right to relief above the speculative level.'" *Brainard v. Vassar*, 561 F. Supp. 2d 922, 927 (M.D. Tenn. 2008) (quoting *Twombly*, 550 U.S. at 555).

The complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The non-movant's obligation to provide "the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. . . . The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

While courts must construe the complaint in the light most favorable to the plaintiff, it "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902-03 (6th Cir. 2009) (citations omitted).

### III.   LAW & ARGUMENT

Inland's Complaint fails to allege a plausible breach of contract claim against the City. The Contract provides that the City, *in its sole and absolute discretion*, may withhold payments for Inland's failure to perform. Inland's allegations admit that the City withheld payments based on resident complaints. (*See* Compl. ¶ 22.) The City was well within its contractual rights to withhold the payments at issue from Inland under the Contract based on these resident complaints. Put simply, no breach has occurred.

Moreover, Inland's breach of contract claim rests entirely on its allegation that the City failed to develop joint criteria for determining whether resident complaints were justified, and, therefore, Inland asserts the City's assessment of liquidated damages was improper under the Contract. The City, however, was under no legal obligation to develop joint criteria with Inland.

4

Inland, as an assignee of the Contract, was bound by the criteria and process established between the City and the original contractor, Advanced Disposal. Crucially, and fatal to its cause of action, Inland fails to allege that the City breached any criteria established by the City and Advanced Disposal. Inland's contract claim against the City is therefore without merit and should be dismissed.

### a.     The Contract Grants the City the Right to Withhold Payments.

In its Complaint, Inland – for obvious reasons – fails to acknowledge Section 3.02 of the Contract. Section 3.02 grants the City the right to partially pay Inland for its failure to perform under the Contract. The decision to withhold payments is "in the sole and absolute discretion of the CITY." (Contract § 3.02(b).) The unambiguous language of Section 3.02 makes plain that the City has the power to withhold payments from Inland when the City determines Inland has failed to fully perform its contractual obligations. The City therefore did not breach the Contract by exercising its discretion under Section 3.02.

Inland admits that "based on complaints from residents" the City unilaterally withheld payments. (Compl. ¶ 22.) Again, it was the City's right to do so under the Contract. Nevertheless, Inland baldly asserts that "[t]he clear majority, if not essentially all, of the complaints [the City] received from residents were without justification, and should have been resolved in favor of Inland." (Compl. ¶ 21.) In essence, Inland is alleging that the City's residents have engaged in a vast, city-wide conspiracy to report false service complaints. The Court need not accept such an implausible – indeed, outlandish – allegation. *See Iqbal*, 556 U.S. at 678 (explaining courts are not required to accept implausible and threadbare allegations as true); *see also In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d at 902-03 ("conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

But more fundamentally, it was well within the City's "sole and absolute discretion" under the clear language of Section 3.02 to withhold payments from Inland based on the residents' complaints – whether Inland agreed the complaints were justified or not. The City's exercise of this discretion is not a breach of contract. *See, e.g.*, *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortgage Capital, Inc.*, 274 F.3d 1085, 1096 (6th Cir. 2001) (dismissing plaintiff's breach of contract claim after holding contract provision granting defendant "sole and absolute discretion" to resize loan agreement unambiguous and enforceable); *Oliverio v. Nextel West Corp.*, 2013 WL 2338706, *5 (E.D. Mich. May, 29, 2013) (granting motion to dismiss breach of contract claim where contract granted defendant sole and absolute discretion to terminate agreement); *Dick Broadcasting Co. of Tennessee v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 669 (Tenn. 2013) (assignment case holding that "parties are free to contract for a standard of decision-making that is subject to a party's sole, absolute, unfettered discretion, allowing for the denial of consent for any reason, however arbitrary, or for no reason. Such an agreement will be enforceable absent any other public policy ground precluding it.").

    **b.**   **The City Had No Obligation to Develop Joint Criteria with Inland.**

Inland asserts the City breached the Contract by not developing and establishing "joint criteria for the determination of the justification of complaints of improper collection services as required by III.6 Section 1(e)(2) of the RFP." (Compl. ¶ 18.) Inland's allegations regarding the failure to develop joint criteria, even if true, do not constitute a breach.

First, as shown above, the decision of whether to withhold payments ultimately rests in the sole discretion of the City. The "complaints" section of the RFP reaffirms the City's absolute discretion, stating "[t]he determination of the justification of the complaints *shall lie solely with the City*," and "[n]otice received from a customer will be considered a justified complaint unless

6

the Contractor can prove *to the City's satisfaction* that the complaint is not warranted." (RFP, III.6 Section 1(e)(2) & (3) (emphasis added).)  Thus, although the RFP contemplates joint criteria to evaluate disputed complaints, the decision whether to accept a complaint as justified and withhold payments remains at the sole discretion of the City.

Second, the City was under no legal obligation to develop joint criteria with Inland under this provision given that Inland is the assignee of the Contract. Under Tennessee law,[2] "[f]ollowing an effective assignment, it is well settled that the assignee stands in the shoes of the assignor and has all the rights, and is subject to all the obligations, of the assignor." *Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195, 201 (Tenn. Ct. App. 2009). The assignment "does not extinguish the underlying contract;" rather, it merely transfers the assignor's contract rights against the other contracting party to the assignee. *SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 226 (Tenn. Ct. App. 2000). "Thus, the assignee succeeds to the assignor's rights under the original agreement." *Pac. E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 959 (Tenn. Ct. App. 1995).

Accordingly, as assignee, Inland is bound by the criteria and process the City established with the original contracting party, Advanced Disposal, for evaluating resident complaints. Inland's Complaint contains no allegation that the City failed to abide by the criteria the City established with Advanced Disposal, which binds Inland and governs this dispute. The City was under no contractual obligation to re-develop or modify this criteria when Inland assumed the Contract. Because Inland was bound to the criteria established between its assignor and the City, *see Collier*, 358 S.W.3d at 201, it is therefore completely irrelevant whether the City allegedly "refused" to develop new criteria with Inland. (*See* Compl. ¶ 19.) The only issue of any possible

---

[2] The Contract contains a choice-of-law provision providing that Tennessee law shall govern the agreement and the parties' performance thereunder. (Contract § 27.00.)

relevance is whether the City adhered to the criteria it developed with Advanced Disposal, but Inland's Complaint does not contain *any* necessary allegations regarding that issue. Consequently, Inland has failed to sufficiently allege that the City breached any of the contractual rights and obligations assigned to Inland.

## IV.   CONCLUSION

The City has not breached any contractual obligation with Inland.  The City acted within its contractual rights to withhold payments from Inland for its service failures.  The City acted pursuant to the discretion it was granted under the Contract, and Inland had no right as assignee to renegotiate the criteria by which these payments were withheld.  Inland's Complaint fails to state a claim against the City and should therefore be dismissed with prejudice.

Respectfully submitted,

BURCH, PORTER & JOHNSON, A
PROFESSIONAL LIMITED LIABILITY COMPANY

By: _/s/ Jef Feibelman_____
Jef Feibelman (BPR No. 7677)
David E. Goodman, Jr. (BPR No. 021493)
Charles S. Higgins (BPR No. 30184)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, Tennessee  38103
(901) 524-5000
jfeibelman@bpjlaw.com
dgoodman@bpjlaw.com

Attorneys for Defendant City of Germantown

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing has been served via this Court's ECF system, this the 7th day of March, 2016, upon the following counsel of record:

Robert L. J. Spence, Esq.
Kristina A. Woo, Esq.
The Spence Law Firm
One Commerce Square, Suite 2200
Memphis, Tennessee 38103

               _/s/ Jef Feibelman_____