IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| INLAND WASTE SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:16-cv-2012-STA-tmp |
| | ) | |
| CITY OF GERMANTOWN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is the motion to dismiss of Defendant City of Germantown ("City"). (ECF No. 17.) Plaintiff Inland Waste Solutions, LLC, ("Inland") has filed a response to the motion (ECF No. 24), and Defendant City has filed a reply to the response. (ECF No. 25.) For the reasons set forth below, Defendant's motion is **DENIED**.

On May 18, 2016, Plaintiff filed a motion to amend the complaint. (ECF No. 26.) Defendant opposes the amendment on the ground that the amendment does not cure the defects in the original complaint, and, thus, the amendment would be futile. (ECF No. 27.) Because the Court finds that the amendment would not be futile, Plaintiff's motion to amend the complaint is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"[1] This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action ...."[3] "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim."[4] While plausibility requires relief to be more than speculative, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that recovery is very remote and unlikely."[5]

In considering a motion to dismiss under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepts the allegations as true, and draws all reasonable inferences in favor of the plaintiff.[6] "A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient."[7] Instead, "to state a valid

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] *Id.* (citing *Twombly*, 550 U.S. at 556).

[3] *League of Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555–56).

[4] *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

[5] *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted)).

[6] *KSR Int'l Co. v. Delphi Auto. Sys.*, 2013 WL 1749336 at *1 (6th Cir. Apr. 23, 2013) (citing *Bassett v. Nat'l Collegiate Athletic Ass' n*, 528 F.3d 426, 430 (6th Cir. 2008)).

[7] *Handy–Clay v. City of Memphis*, 2013 WL 2948442 at *4 (W.D. Tenn. June 14, 2013) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted)); *see also Infection Prevention Techs. v. UVAS, LLC*, 2011 WL

claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."[8]

According to the complaint, Inland currently provides solid waste collection services for the City under a Request for Proposal ("RFP") and Contract issued by the City in 2011.[9] The City originally awarded the Contract to Advanced Disposal Services of Mid-South, LLC ("Advanced Disposal").[10] Advanced Disposal assigned the Contract to BFI Waste Services, LLC ("BFI").[11] On October 12, 2014, BFI assigned the Contract to Inland, which has provided solid waste collection services to the City since November 2014.[12]

Pursuant to the Contract, Inland is responsible for collecting three categories of waste materials from the City and its residents: (1) garbage, rubbish, and excess trash; (2) recyclable materials; and (3) yard debris.[13]

The Contract sets forth the terms governing the City's payment of compensation to Inland. Inland is to be paid monthly by the City.[14] The Contract provides that "the

---

4360007 at *24 (S.D. Mich. July 25, 2011) *rep. and rec. adopted*, 2011 WL 4360091 (E.D. Mich. Sept. 19, 2011) ("[Plaintiff] asserts that Defendants' 'actions were in bad faith, willful, wanton.' But these statements are pure legal conclusions insufficient to state a claim upon which relief may be granted.").

[8] *Boland v. Holder*, 682 F.3d 531, 534–35 (6th Cir. 2012) (quoting *Bredesen*, 500 F.3d at 527) (internal quotation marks omitted))

[9] (Compl. ¶ 5, ECF No. 1.)

[10] (*Id.* ¶ 13.)

[11] (*Id.* ¶ 14.)

[12] (*Id.* ¶¶ 15-16.)

[13] (*Id.* ¶ 6.)

[14] (Compl. Att., Contract § 3.02(a), ECF No. 11.) In ruling on the motion to dismiss, the Court may consider the Contract and the RFP because they are attached to the complaint and are central to Plaintiff's claims. *See Rondigo, L.L.C. v. Twp. of Richmond,* 641 F.3d

City reserves the right to partially pay any billing submitted by the CONTRACTOR for failure to complete collection routes or for failure to complete all collection services required during the collection route schedules such determination to be made in the sole and absolute discretion of the CITY."[15]

The Contract incorporates by reference the RFP, making the RFP part of the parties' agreement.[16] The RFP sets forth a process for addressing residents' complaints regarding the Contractor's service. These complaints may include, but are not limited to, calls regarding missed service, failure to follow container handling and placement guidelines, failure to collect all solid waste, and other items outlined in the RFP's service specifications.[17]

Under the RFP, "Notice received from a customer will be considered a justified complaint unless the Contractor can prove to the City's satisfaction that the complaint is not warranted."[18] The RFP further provides that "[t]he Contractor has the right to contest any complaint and resolution shall be jointly agreed upon by the City and the Contractor."[19] However, "[t]he determination of the justification of the complaints shall

---

673, 680-81 (6th Cir. 2011) (explaining that a court may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment).

[15] (*Id.* § 3.02(b).)

[16] (*Id*. § 1.00.)

[17] (Compl. Att., RFP III.6 § 1(e)(1), ECF No. 2.)

[18] (*Id.* § 1(e)(4).)

[19] (*Id.* § 1(e)(2).)

lie solely with the City, based upon criteria developed jointly by the City and the Contractor."[20]

From the first month that Inland began work under the Contract and RFP, the City received complaints from residents about the collection services provided by Inland.[21] Based on these complaints, the City withheld $459,412.49 in payments from Inland between November 2014 and November 2015.[22] The Contract expires on June 30, 2016.[23]

The Contract contains a choice-of-law provision providing that Tennessee law shall govern the agreement.[24]

Inland filed this lawsuit alleging breach of contract on January 7, 2016, to recoup the money withheld by the City.[25] Inland points to the language in the RFP which states that the City and the Contractor are to jointly develop criteria by which the determination of justification of complaints of improper collection services would be made. Inland alleges that it made requests to the City "to develop and establish joint criteria for the determination of the justification of complaints of improper collection services."[26] Inland further alleges that the City breached the Contract when it "refused to develop and

---

[20] (*Id.*)

[21] (Compl. ¶ 20, ECF No. 1.)

[22] (*Id.* at ¶ 27.)

[23] (Compl. Att., Contract § 2.00, ECF No. 11.)

[24] (*Id.* at § 27.00.)

[25] (ECF No. 1.)

[26] (Compl. ¶ 18, ECF No. 1.)

5

establish joint criteria for the determination of whether a complaint of improper collection services was justified."[27]

Defendant City contends that Inland has not alleged a viable breach of contract claim against it because the unambiguous terms of the Contract show that it acted within its contractual rights when it withheld payments based on complaints regarding Inland's service, and, therefore, the complaint should be dismissed.[28] According to the City, it was under no legal obligation to develop joint criteria with Inland because Inland, as an assignee of the Contract, was bound by the criteria and process established between the City and the original contractor, Advanced Disposal. There is no evidence in the record as to what, if any, criteria was established by the City and Advanced Disposal.

As noted by Defendant City, "[f]ollowing an effective assignment, it is well settled that the assignee stands in the shoes of the assignor and has all the rights, and is subject to all the obligations, of the assignor."[29] The assignment transfers the assignor's contract rights against the other contracting party to the assignee.[30] "Thus, the assignee succeeds to the assignor's rights under the original agreement."[31]

In this case, Inland succeeded to the rights of Advanced Disposal under the Contract and the RFP. As an assignee, Inland stepped into the shoes of Advanced

---

[27] (*Id.* ¶ 19.)

[28] (Compl. Att., RFP III.6 § 1(e)(2), ECF No. 2.)

[29] *Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195, 201 (Tenn. Ct. App. 2009). *See also* 6 *Am.Jur. 2D* Assignments, § 144 (1999) (As a general rule, an assignee takes the subject of the assignment with all the rights and remedies possessed by or available to the assignor.")

[30] *See SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 226 (Tenn. Ct. App. 2000).

[31] *Pac. E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 959 (Tenn. Ct. App. 1995).

Disposal, and the contractual requirement to establish criteria for evaluating resident complaints now binds the City and Inland, just as the contractual requirements for payment or non-payment bind the City and Inland. It is somewhat disingenuous of the City to argue that the parties are bound by the payment and non-payment provisions of the Contract but not the development of joint criteria provision. Because Inland has stated a claim for breach of contract in its complaint that would entitle it to relief if proved at trial, the City's motion to dismiss must be denied.

Inland has moved to amend the original complaint "to clarify the allegations and cause of action."[32] Inland also seeks to include additional damages and to attach an executed copy of the Assignment in place of the unexecuted Assignment that was submitted with the original complaint.[33]

The City objects to Inland's motion to amend on the ground that the motion is futile based on the arguments contained in the City's motion to dismiss that Inland has failed to state a claim.[34] According to the City, the proposed amendment does not cure the "defects" in the original complaint.[35]

Motions to amend are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court. Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed

---

[32] (Mot. Amd. Compl, p. 1, ECF No. 26.)

[33] (*Id.* at pp. 2 – 3.)

[34] (Resp. Mot. Amd. Compl., p. 1, ECF No. 27.)

[35] (*Id.*)

amendments, futility of the proposed new claim, or undue prejudice to the opposite party.[36] If the Court concludes that the pleading as amended could not withstand a motion to dismiss, then the Court may deny the motion to amend as futile.[37]

In this case, because the original complaint has withstood the City's motion to dismiss, the Court finds that the proposed amendment is not futile. Accordingly, Inland's motion to amend is granted. Inland will have seven (7) days in which to file an amended complaint.

In summary, the motion to dismiss of Defendant City of Germantown is **DENIED**. The motion to amend of Plaintiff Inland Waste Solutions, LLC, is **GRANTED**.

**IT IS SO ORDERED.**

s/  S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   June 8, 2016.

---

[36] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

[37] *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).